On plaintiff's motion, without objection, the record in Abstract 51557 was incorporated and made part of the record in this proceeding.

In Abstract 51557, this same plaintiff petitioned for remission of section 489 additional duties assessed after appraised value had been increased over entry value for aluminum metal-covered paper imported from Germany, merchandise which is now stipulated to be similar in all material respects to the merchandise of this petition. Increased value had been found in the first *Nicholas Gal* decision.

The facts of record in the incorporated case, which have been stipulated as facts in this proceeding, are stated in the unpublished opinion of the court (by Cole, J.) as follows:

Petitioner (importer of the instant merchandise) testified that prior to entry he consulted with the United States examiner, outlining his relationship as sole United States agent and his method of doing business in such capacity for the foreign shipper, set forth in a written agreement, collective exhibit 1, and furnishing all information in his possession concerning the shipments in question. After several conversations with the customs examiner, and subsequent to inquiries in the German market concerning prices and conditions prevailing there with respect to aluminum metal covered paper, like or similar to that in question, petitioner, following the suggestion of the said customs official, entered his merchandise on the basis of United States value, at the invoice prices, less freight, insurance, duty, and six percent commission that he received from his foreign principal.

The manager of the import department of the customs brokerage firm, who supervised the entries in question, explained that, prior to entry, he submitted so-called inquiry sheets, recognized by customs officials as requests for information as to the value of imported merchandise, and that in filing these entries he followed petitioner's instructions.

The United States customs examiner, who passed the shipments under consideration, corroborated petitioner's testimony relating to the inquiries made before entry, admitting that he told petitioner "the basis of appraisement would be United States value." He explained his advisory return on the basis of foreign value, as resulting from information contained in reports made by Government agents who had conducted investigations in the German market dealing with aluminum metal covered paper. The witness further testified that in all his conferences relating to the entries in question he found the petitioner to be cooperative, submitting all information that was requested.

The court, on these facts, held that the record was "convincing that the entry of the merchandise at a less value than that found on final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise."

It sufficiently appears on the record before us, including the incorporated record, that plaintiff has sustained the burden of showing that entry of the subject merchandise at values less than the final appraised values was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts, or to deceive the appraiser as to value of the merchandise.

The petition is granted.

Judgment will be entered accordingly.

Before the Second Division, February 13, 1959

**No. 62749.**—Franken Trimming Co. *v.* United States, protest 287036–K (New York).

Opinion by FORD, J.  In accordance with stipulation of counsel that certain items of the merchandise consist of narrow woven fabrics of cotton similar in all material respects to those the subject of *Beer Stern Import Corp.* v. *United States* (39 Cust. Ct. 294, C.D. 1944), the claim of the plaintiff was sustained.

**No. 62750.**—Beer Stern Import Corp. et al. *v.* United States, protests 58/5418, etc. (New York).

Opinion by FORD, J.  In accordance with stipulation of counsel that certain items of the merchandise consist of narrow woven fabrics of cotton similar in all material respects to those the subject of *Beer Stern Import Corp.* v. *United States* (39 Cust. Ct. 294, C.D. 1944), the claim of the plaintiffs was sustained.

**No. 62751.**—Martin M. Jordan Corp. *v.* United States, protests 295930–K, etc. (New York).

Opinion by FORD, J.  In accordance with stipulation of counsel that the merchandise consists of harness hardware for use with harness for dogs the same in all material respects as that involved in *International Expediters, Inc., et al.* v. *United States* (38 Cust. Ct. 230, C.D. 1868), the claim of the plaintiff was sustained.

**No. 62752.**—Men's Hats, Inc. *v.* United States, protests 214353–K, etc. (Baltimore).

Opinion by FORD, J.  In accordance with stipulation of counsel that the merchandise consists of straw hats similar in all material respects to those the subject of *Pollak Industrial Corp. et al.* v. *United States* (40 Cust. Ct. 251, C.D. 1991), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, FEBRUARY 13, 1959

**No. 62753.**—Rosenthal Block China Corp. *v.* United States, protest 295636–K (New York).